COMMONWEALTH *vs.* KEN LAPOINTE.

Bristol. November 5, 2001. - December 11, 2001.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Indecent Assault and Battery. Constitutional Law,* Sentence. *Due Process of Law,* Sentence. *Practice, Criminal,* Sentence, Probation.

This court concluded that a criminal defendant challenging the conditions of his probation had a right of direct appeal, where this court had previously initiated the order asking that the conditions be clarified by the Superior Court, and where the case had been fully briefed and presented issues of public interest. [458-459]

Discussion of the enforceability of probation conditions, even where they infringe on a defendant's ability to exercise constitutionally protected rights. [459-460]

Conditions of probation imposed on a criminal defendant convicted of indecent assault and battery on a person who had attained the age of fourteen years, which conditions prohibited the defendant from residing with minor children, were reasonably related to his offense and to the goals of sentencing and probation, and were therefore valid; the residency restrictions did not deprive the defendant of any "parenting right," nor did they impermissibly infringe on his right to marry or to procreate in the future. [460-461]

Conditions of probation imposed on a criminal defendant convicted of indecent assault and battery on a person who had attained the age of fourteen years, which conditions prohibited the defendant from residing with minor children and limited the defendant's contact with his minor children, when taken together with the twenty-year probationary period, were not so disproportionate to the offense committed as to constitute cruel and unusual punishment. [462]

INDICTMENT found and returned in the Superior Court Department on December 7, 1994.

The case was tried before *Raymond J. Brassard,* J., and a motion for clarification of terms and conditions of probation was heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Jennifer M. Petersen* for the defendant.

*Sharon L. Sullivan-Puccini,* Assistant District Attorney, for the Commonwealth.

GREANEY, J. A jury in the Superior Court convicted the defendant of indecent assault and battery on a person who had attained age fourteen, G. L. c. 265, § 13H. The victim is one of the defendant's daughters who was about fifteen years old and resided with the defendant at the time of the indecent assault. The defendant had a previous conviction of indecent assault and battery committed against another minor. The trial judge sentenced the defendant to from thirty-six to fifty-four months in a State prison. The judge ordered twenty-four months of this sentence to be served, and he suspended its balance for twenty years under probation supervision. The defendant appealed from the conditions of probation, and we transferred the appeal here on our own motion. At our request, the defendant sought and obtained clarification of the terms of probation imposed by the judge. The defendant has renewed his appeal and challenges, under the State and Federal Constitutions, the terms of probation prohibiting him from residing with his minor children and with any future children that he may have. He also argues that the conditions "taken together [with] the lengthy probationary period," twenty years, constitute cruel and unusual punishment. We conclude that the challenged conditions of the defendant's probation are valid.

The background of the case is as follows. The defendant has a total of six biological children. The defendant first fathered three girls: T.L., then the victim, then J.L. Their mother abandoned the family when the victim was approximately five years old. Thereafter, the defendant and his girl friend of some years, Sandra Waterman, raised T.L., the victim, and J.L., together with their two boys, C.L. and M.L., and daughter, S.L., and Waterman's daughter. When the victim was approximately twelve years old, she and her sisters T.L. and J.L. were removed from the household and placed in foster homes. There was evidence at trial to permit the jury to find that this placement occurred because both the defendant and Waterman had physically abused the victim, T.L., and J.L. The victim and J.L. eventually returned to live with their father in his home. The victim was approximately fifteen years old. Shortly thereafter, the defendant sexually molested the victim. At trial, the victim testified that J.L. had acknowledged to her that she (J.L.) had

also been molested by their father. J.L., who testified on her father's behalf, denied that her father had ever molested her (J.L.), and she disputed the victim's testimony that she (J.L.) had witnessed any incidents when the victim was molested by their father.

At the time of sentencing, the defendant and Waterman no longer lived together. Before imposing the defendant's sentence, the judge stated that he had considered numerous factors, including a presentence report prepared by the probation department, the victim's impact statement,[1] the defendant's prior conviction of indecent assault and battery, the sentencing guidelines, and the fact that other members of the defendant's family (except for the victim) supported the defendant. In addition to the standard terms of probation, a "no contact" order pertaining to the victim,[2] the requirement that the defendant complete "sexual abuse perpetrator counseling," and other terms, the judge imposed special conditions, applicable for the twenty-year period, that:

(a) prohibited the defendant from performing any work, including volunteer work, that would result in his being in the presence of minor children;

(b) prohibited the defendant from being alone with any minor children;

(c) with the exception of his seventeen year old son, C.L., prohibited the defendant from residing with any minor children, including his own minor children, M.L. and S.L., and any further children the defendant may have;

(d) permitted the defendant to have unsupervised contact with M.L., including "sleep overs" no more than two nights in duration and only if M.L. sleeps in the same

---

[1] The victim's impact statement was read into the record by the prosecutor. In it, the victim stated that the sexual abuse she experienced caused her to feel "dirty" and "heartbroken," and affected her relationship with J.L., her family, and her husband.

[2] The judge prohibited the defendant from having any contact with the victim. Also, he did not permit the defendant to have any contact with the victim's child. The defendant does not challenge these conditions.

room with another person (excluding the defendant) not younger than seventeen years of age;

(e) permitted the defendant to have contact with S.L., but only in the presence of an adult over the age of twenty-one years; and

(f) permitted the defendant to have contact with his grandchildren (the children of J.L. and T.L.), but only in the presence of their mothers.

The judge expressly retained jurisdiction over the special condition prohibiting the defendant from residing with any future children he might have, and ordered that the defendant obtain the judge's "express authority" to reside with any such children. The judge stated that the conditions with respect to M.L. and S.L. would last only until they reached the age of eighteen years. Finally, the judge instructed the Commonwealth and the defendant, that, if future events require a modification of any other conditions of probation, suitable relief could be sought.

1. We reject the Commonwealth's contention that the defendant has no right of direct appeal. While the judge had the authority to modify the terms and conditions of probation, see generally *Commonwealth* v. *McGovern*, 183 Mass. 238 (1903), a request to do so by the defendant, in the absence of changed circumstances, likely would have been futile. Further, a motion to revise or revoke under Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979), "is wholly unsuited as a device for the modification of the terms and conditions of probation." *Buckley* v. *Quincy Div. of the Dist. Court Dep't*, 395 Mass. 815, 819 (1985). The better practice would have been for the defendant either to have challenged the probation conditions by means of a motion under Mass. R. Crim. P. 30, 378 Mass. 900 (1979), see *Commonwealth* v. *Power*, 420 Mass. 410, 411 n.1 (1995), cert. denied, 516 U.S. 1042 (1996), or to have sought review of the challenged conditions before the Appellate Division of the Superior Court, see *Commonwealth* v. *Sanchez*, 405 Mass. 369, 379 n.7 (1989). When the defendant's appeal was first presented to us, we initiated the order asking that the conditions be clarified by the Superior Court. Because we have already reviewed the case, direct review is appropriate, especially when the case has been

fully briefed and presents issues of public interest. See *Commonwealth* v. *Power, supra*; *Commonwealth* v. *Sanchez, supra*.

2. "Judges are permitted 'great latitude' in imposing conditions of probation . . . ." *Commonwealth* v. *Pike*, 428 Mass. 393, 402 (1998). General Laws c. 276, § 87, which governs the imposition of probation, authorizes a trial judge to "place on probation . . . any person before it charged with an offense or a crime *for such time and upon such conditions as it deems proper* . . . after a finding or verdict of guilty" (emphasis supplied). A judge, in furnishing an appropriate individualized sentence, may consider "many factors which would not be relevant at trial including hearsay information about the defendant's character, behavior, and background." *Commonwealth* v. *Goodwin*, 414 Mass. 88, 92 (1993), and cases cited. The principal goals of probation are rehabilitation of the defendant and protection of the public. *Commonwealth* v. *Pike, supra* at 403. "Other goals of probation include punishment, deterrence, and retribution." *Id.*

A probation condition is enforceable, even if it infringes on a defendant's ability to exercise constitutionally protected rights, so long as the condition is "reasonably related" to the goals of sentencing and probation. See *Commonwealth* v. *Pike, supra* at 403; *Commonwealth* v. *Power, supra* at 414-415. See also *United States* v. *Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991) (judge has "broad discretion in setting probation conditions, including restricting fundamental rights"); *United States* v. *Peete*, 919 F.2d 1168, 1181 (6th Cir. 1990) ("Probation restrictions may affect fundamental rights such as freedom of speech and freedom of association if the conditions are primarily designed to meet the ends of rehabilitation and protect the public"). Parental rights are not absolute, see *E.N.O.* v. *L.M.M.*, 429 Mass. 824, 832-833, cert. denied, 528 U.S. 1005 (1999), and cases cited; *Youmans* v. *Ramos*, 429 Mass. 774, 784 (1999), and they may be restricted by probation conditions. In cases where a condition touches on constitutional rights, the goals of probation "are best served if the conditions of probation are tailored to address the particular characteristics of the defendant and the crime." *Commonwealth* v. *Pike, supra*. "The propriety of any given probation condition depends heavily on the facts

of the case before the court." *State* v. *King*, 692 A.2d 1384, 1385 (Me. 1997).

3. The residence prohibitions imposed on the defendant reasonably relate to his offense and to the goals of sentencing and probation, and are therefore valid. The defendant was convicted of sexually abusing his own daughter, and the molestation occurred in the family home. The victim's impact statement indicated that the defendant's conduct had a profound adverse affect on her and continues to cause continuing distress and difficulties in her life. The judge could also have considered the victim's testimony at trial that the defendant had sexually molested her sister J.L. in the family home. Further, the defendant had another conviction of indecent assault and battery on a minor. The judge could conclude that the defendant's targets had resided in his home, and that he had used the family relationship to perpetrate his sexual abuse. The residency prohibitions remove the defendant from situations in which he presents a danger and are designed to eliminate the risk that he would commit further sexual abuse on his own minor children. See *Commonwealth* v. *Goodwin, supra* at 93-94 ("it is recognized that recidivism rates among child molesters are particularly high"). At the same time, by removing the defendant from the environment giving rise to his sexual abuse, the residency requirements assist his rehabilitation and deter him from repeating his criminal conduct.[3]

We reject the defendant's contention that the condition prohibiting him from residing with his son M.L. is invalid because the defendant "has no history of any sexual relations with males (adults or children)," and because his seventeen year

---

[3]Because the challenged conditions are "reasonably related" to the goals of sentencing and probation, and the crime of which the defendant was convicted, see *Commonwealth* v. *Pike*, 428 Mass. 393, 403 (1998), there is no merit to the defendant's claim that proceedings for terminating the defendant's parental rights or taking custody of the defendant's children were required before imposing the conditions. In addition, we reject the defendant's contention that *United States* v. *Loy*, 237 F.3d 251 (3d Cir. 2001), supports his claim that the residency prohibitions are invalid. The court in that case refused to apply to the defendant's own children a condition of probation that prohibited the defendant from having unsupervised contact with minors. *Id.* at 267, 269-270. The defendant in that case, however, had been convicted of receiving and possessing child pornography, not sexually assaulting his own child. *Id.* at 253.

old son C.L. has "thrived while residing with him." Irrespective of gender, as a minor, M.L. could be considered a potential target of the defendant. The judge acted reasonably in providing M.L. with some measure of protection.

Considered as a whole, the residency restrictions did not deprive the defendant of any "parenting right," nor impermissibly infringe on his constitutional rights. The terms strike an appropriate balance between the facts of the case and the goals of sentencing and probation, and they are consistent with authority affirming probation conditions imposed on defendants in like circumstances. See, e.g., *Sweetin* v. *State*, 744 P.2d 424, 426-427 (Alaska Ct. App. 1987) (affirming probation condition that prohibited defendant, who was convicted of assaulting his year old daughter, from residing with any children under sixteen years of age); *Howland* v. *State*, 420 So. 2d 918, 919 (Fla. Dist. Ct. App. 1982) (affirming probation condition that prohibited defendant, who was convicted of negligent child abuse on his infant child, from residing with any child under sixteen years of age); *State* v. *Credeur*, 328 So. 2d 59, 64 (La. 1976) (affirming probation condition that prohibited defendant, who was convicted of having unnatural copulation with his eleven year old daughter, from residing with any of his minor children). See also *State* v. *Whitchurch*, 155 Vt. 134, 140 (1990) (affirming probation condition that defendant, who was convicted of committing lewd acts on his daughter, not reside with his minor children unless approved by probation officer).

Finally, the prohibitions do not impermissibly infringe on the defendant's right to marry or to procreate in the future. See *Howland* v. *State, supra* (affirming probation conditions prohibiting defendant from residing with victim or any minor child under sixteen despite defendant's argument that conditions restricted his right to marriage). The defendant is free to marry. Importantly, the judge has retained jurisdiction to revisit all the conditions, and he expressly reserved the right to reconsider the residency prohibition as to future children. The judge has created a suitable procedure to make appropriate future orders based on changed circumstances, and, if the defendant claims that any future orders are invalid, he may seek appellate review at that time.

4. The defendant argues that the residency prohibitions and conditions limiting contact with his minor children, "taken together [with] the lengthy probationary period," twenty years, is "so disproportionate to the offense committed" as to constitute cruel or unusual punishment. We do not agree. The length of the probation is authorized by G. L. c. 276, § 87, and takes into consideration the defendant's prior indecent assault and battery conviction, the fact that he might be a recidivist, see *Commonwealth* v. *Goodwin, supra* at 93-94, and the trauma experienced by the victim. The defendant's twenty-year probationary term does not "shock[] the conscience and offend[] fundamental notions of human dignity." *Commonwealth* v. *Sanchez*, 405 Mass. 369, 380 (1989), quoting *Commonwealth* v. *Jackson*, 369 Mass. 904, 910 (1976).[4]

5. The special conditions of the defendant's probation are affirmed.

*So ordered.*

---

[4]We note that persons who are currently convicted of the offense involved here, indecent assault and battery on a person who has attained the age of fourteen years, may, pursuant to G. L. c. 265, § 45, inserted by St. 1999, c. 74, § 13, "in addition to the term of imprisonment authorized . . . be punished by a term of community parole supervision for life to be served under the jurisdiction of the parole board."