COMMONWEALTH *vs.* CHRISTOPHER BARDEN LEWIS. No. 01-P-1308. April 25, 2003. *Practice, Criminal,* Motion for reconsideration, Appeal, Sentence. *Clerk of Court.*

On April 2, 2001, a judge of the Superior Court denied a motion filed by the defendant, Lewis, to correct his sentence and modify the mittimus. On April 23, 2001, Lewis filed a motion to reconsider. A timely motion to reconsider, generally one that is filed within thirty days of the action the moving party wants reconsidered, extends the time for filing a notice of appeal to thirty days after the motion to reconsider has been acted upon. *Commonwealth v. Powers,* 21 Mass. App. Ct. 570, 573-574 (1986). See *Commonwealth v. Montanez,* 410 Mass. 290, 294 & n.4 (1991). See, by analogy, Mass.R.A.P. 4(a), par. 2, as amended, 430 Mass. 1603 (1999).

Whatever doubt the Commonwealth attempts to cast on the date of the filing of the motion to reconsider, a second judge of the Superior Court found that the motion to reconsider was filed on April 23, 2001, and would have been received in the ordinary course on April 24, 2001. On the basis of those findings, the second judge ordered that the docket be corrected to show the April 23 filing.[1] The order correcting the record is dated May 14, 2002, nunc pro tunc as of April 26, 2002. In consequence, it is now a fact of the case that the motion for reconsideration was filed April 23, 2001, i.e., timely filed.

The first Superior Court judge, the one who had acted on the original motion to correct the sentence and modify the mittimus, acted on the motion to reconsider on June 28, 2001; he denied it. From that order the defendant on July 12, 2001, filed a notice of appeal, well within the requisite thirty days. The office of the clerk for Superior Court business in Middlesex County notified the defendant that his notice of appeal was late and told him that he must file a motion for leave to appeal late, Mass.R.A.P. 4(c), as amended 378 Mass. 929 (1979). This the defendant, who at that point was acting pro se, did, but, with sound instincts, he also moved that the court accept his notice of appeal as timely filed. The first Superior Court judge, misled by the state of the

---

[1]At the time the defendant brought the motion in Superior Court to correct the record, his appeal was already pending. The motion was filed with leave from a single justice of this court.

docket and not assisted by the Commonwealth,[2] denied both branches of the defendant's motion, with some sharp comment that the defendant had failed by twelve weeks to file a timely notice of appeal of the April 2 order, and that the defendant was "neither ignorant nor witless."

Indeed, the defendant is not. In light of the correction of the record ordered by the second judge, which occurred after the first judge had acted, the defendant is on solid ground to file and perfect his appeal. It may be, as the Commonwealth ardently urges, that the appeal is devoid of merit, but that will be for us to decide after the defendant, as is his right, has presented it.

The order denying the defendant's motion to accept the appeal as timely filed is vacated, and the case is remanded to the Superior Court. The Superior Court clerk shall enter the notice of appeal as of July 12, 2001, and shall reflect that entry on the docket. The clerk shall assemble the record and shall notify the defendant when this has been done, conformably with the rules of appellate procedure.

*So ordered.*

*Christopher Barden Lewis*, pro se.
*Loretta M. Lillios*, Assistant District Attorney, for the Commonwealth.

---

[2]The Commonwealth had responded to the motion to reconsider on May 10, 2001. At that time, the defendant was represented by counsel. His lawyer, in a transmittal letter dated April 23, 2001, to the Superior Court clerk in Middlesex County, indicates copies were sent to the assistant district attorney who was handling the case for the Commonwealth. We may infer, therefore, that the Commonwealth had notice of the date of the filing.