COMMONWEALTH vs. RASUN C. WILLIAMS.

No. 02-P-1194.

Plymouth. November 4, 2003. - January 9, 2004.

Present: ARMSTRONG, C.J., DOERFER, & GREEN, JJ.

*Practice, Criminal,* Probation, Revocation of probation.

The judge at a probation surrender hearing could lawfully impose as a condition of probation that the defendant not consume or possess any alcohol during the term of his probation, where the condition was reasonably related to the goals of sentencing and probation. [331-333]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on March 16, 2001.

A probation surrender hearing was held before *Robert E. Baylor*, J.

*Mark Wester* for the defendant.

*Carolyn A. Burbine*, Assistant District Attorney, for the Commonwealth.

DOERFER, J. The defendant violated the terms of an order under G. L. c. 209A. His case was continued without a finding, and he was placed on unsupervised probation. He was subsequently arrested and charged with two crimes involving assaultive behavior. At a probation surrender hearing he was found to be in violation of the terms of his probation based on these incidents. A guilty finding was entered on the continued case, and he was sentenced to a house of correction for two and one-half years with ninety days to be served, the balance suspended for a period of three years, during which time he was placed on probation.

The only live issue remaining in this case[1] is the lawfulness

---

[1] We take judicial notice that defendant has been convicted on the two substantive criminal offenses which formed the basis of the judge's decision

of the order of the trial judge imposing as a condition of probation that the defendant not "consume or possess any alcohol" during the term of his probation.

The record does not disclose any evidence of the use of alcohol in connection with the charge for which the defendant was on probation. Nor was there any such evidence relating to his assaultive conduct on the two occasions that led to criminal complaints and formed the basis of the revocation of his probation. The record does contain evidence, however, that all offenses involved volatile and impulsive conduct on the part of the defendant. All of these offenses occurred within a year.

A judge has broad discretion to impose conditions of probation which are reasonably calculated to control the conduct of the defendant. See *Commonwealth* v. *Pike*, 428 Mass. 393, 402 (1998) ("Judges are permitted 'great latitude' in imposing conditions of probation"). See also G. L. c. 276, § 87, as amended through St. 1974, c. 614 ("any district court . . . may place on probation . . . any person before it charged with an offense or a crime for such time and upon such conditions as it deems proper"). Furthermore, "[a] probation condition is enforceable, even if it infringes on a defendant's ability to exercise constitutionally protected rights, so long as the condition is 'reasonably related' to the goals of sentencing and probation." *Commonwealth* v. *Lapointe*, 435 Mass. 455, 459 (2001). Those goals include the deterrence of unlawful conduct, the protection of the public, and rehabilitation of the probationer as well as punishment and retribution. *Commonwealth* v. *Power*, 420 Mass. 410, 414-415 (1995), cert. denied, 516 U.S. 1042 (1996).

At the hearing leading to the revocation of the defendant's probation and the imposition of further conditions relating to the possession or consumption of alcohol, both the defendant's attorney and the assistant district attorney agreed that the defendant should enter an anger management program. It was a small step for the judge to add alcohol abstention where anger management counseling was indicated. The judge could reasonably conclude that the consumption of alcohol would not

---

to revoke his probation, and thus his appeal of the claimed procedural misstep of the judge (failure to make written findings) is moot. *Commonwealth* v. *Fallon*, 53 Mass. App. Ct. 473, 475 (2001).

improve the defendant's chances of dealing successfully with his problems with anger and violence.

The connection between anger, violence, and alcohol consumption in a person who has demonstrated a violent disposition that is hard for him to control is not speculative or unreasonable. It is a circumstance that most any trial judge in a busy District Court will undoubtedly encounter with some frequency.

Although the possession or consumption of alcoholic beverages is lawful for an adult, a judge may impose conditions on otherwise lawful conduct in order to further the many purposes of helping the probationer to adjust his conduct — not just to avoid breaking the law but to improve his ability to control his anger and violent behavior.[2] Cf. *Commonwealth* v. *Lapointe*, 435 Mass. at 459-461.

The special condition of the defendant's probation is affirmed.

*So ordered.*

---

[2]We note that it would be helpful for the judge to articulate his reasons for imposing this type of condition. We also note that defendant's counsel did not voice any objection to the condition when it was imposed.