COMMONWEALTH vs. MICHAEL MORALES.

No. 06-P-1867.

Barnstable. October 16, 2007. - December 13, 2007.

Present: COWIN, KATZMANN, & MEADE, JJ.

*Practice, Criminal,* Probation. *Sex Offender.*

Any issues regarding a Superior Court judge's order, following a hearing on
the criminal defendant's motion to modify the terms of his probation, that
imposed additional conditions of probation were not properly before this
court, where the defendant did not file a timely notice of appeal from that
order [842-843]; further, even if this court were to reach the merits of the
appeal from the judge's order, which required that the defendant, who had
pleaded guilty to one count of rape of a child, not reside near children,
none of the defendant's claims of substantive and procedural defects would
be availing [843-845].
A Superior Court judge did not abuse his discretion in denying the criminal
defendant's motion to modify the conditions of his probation due to a
change in circumstances, where even though a jury found that the defendant,
who had pleaded guilty to one count of rape of a child, was no longer
sexually dangerous pursuant to G. L. c. 123A, § 9, the judge had continu-
ing concerns about the defendant's likelihood of reoffending against a
child, and recognized that without the challenged condition — a restriction
on residing near children — the terms of the probation were insufficient to
ensure the defendant's transition from civil confinement at a treatment
center to the community. [845-847]

INDICTMENT found and returned in the Superior Court Depart-
ment on July 5, 1994.

A motion to modify a probation order, filed on September 8,
2006, was heard by *Gary A. Nickerson,* J.

*Brownlow M. Speer,* Committee for Public Counsel Services,
for the defendant.

*J. Thomas Kirkman,* Assistant District Attorney, for the
Commonwealth.

KATZMANN, J. This appeal arises from the denial of defendant
Michael Morales's motion to modify the conditions of his proba-

tion due to a change in circumstances. The issues presented are whether a jury's finding that the defendant was no longer sexually dangerous constituted a change in circumstances sufficient to permit a change in the conditions of probation, and whether the judge abused his discretion in refusing to remove certain conditions in the terms of the defendant's probation. We conclude that the judge was within his discretion in denying the defendant's motion and, therefore, affirm.

*Background.* On June 26, 1996, the defendant pleaded guilty in the Superior Court for Barnstable County to one count of rape of a child in violation of G. L. c. 265, § 23. Following the plea, the defendant was sentenced to not less than eight years nor more than ten years at the Massachusetts Correctional Institution at Cedar Junction, with probation for three years. The terms of the probation were subject to the conditions of the probation department as well as five special conditions imposed by the judge.[1]

Prior to the expiration of the defendant's prison sentence, the Suffolk County district attorney filed a petition pursuant to G. L. c. 123A, seeking to commit the defendant as a "sexually dangerous person" to the Massachusetts Treatment Center (treatment center). On October 12, 2001, after a jury trial, the defendant was adjudicated a sexually dangerous person and committed to the treatment center for one day to life.[2] Subsequently, the defendant filed a petition pursuant to G. L. c. 123A, § 9, assert-

---

[1] The special conditions were (1) no contact with the victim or the victim's family; (2) no contact with children under the age of sixteen; (3) intensive supervision for the first year of probation; (4) payment of a fifty dollar victim witness fee; and (5) reporting to the probation department within seventy-two hours of his release.

[2] As amended through St. 1999, c. 74, § 6, a "sexually dangerous person" is defined in G. L. c. 123A, § 1, as:

"any person who has been (i) convicted of or adjudicated as a delinquent juvenile or youthful offender by reason of a sexual offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in sexual offenses if not confined to a secure facility; (ii) charged with a sexual offense and was determined to be incompetent to stand trial and who suffers from a mental abnormality or personality disorder which makes such person likely to engage in sexual offenses if not confined to a secure facility; or (iii) previously adjudicated as [sexually dangerous] by a court of the commonwealth and whose misconduct in sexual matters indicates a general lack of

ing that he was no longer a sexually dangerous person and therefore could be released from civil commitment. This proceeding was ultimately scheduled for a July 31, 2006, trial in the Superior Court for Suffolk County.

On June 23, 2006, the defendant, partly for tactical reasons in anticipation of the imminent trial on the sexually dangerous person designation, filed a motion in the Superior Court for Barnstable County seeking to modify the terms of the June 26, 1996, probation order.[3] Specifically, the defendant sought to add an additional condition to the terms of the probation: to wit, requiring him to attend outpatient sex offender treatment as approved by the probation department. After a hearing, on July 17, 2006, a new judge, who was assigned the matter because the sentencing judge had retired, allowed the motion to modify the terms of the probation. In addition to incorporating the outpatient sex offender treatment condition, the judge, sua sponte, added four other conditions: (1) the defendant attend and complete an anger management program; (2) the defendant not minimize the extent and nature of the prior offenses; (3) the defendant reside, upon release, in a location approved by the probation department; and (4) the defendant not reside in a residence where minors reside.

On July 20, 2006, the defendant filed a motion in the Superior Court for Barnstable County seeking to strike the additional conditions imposed by the judge during the July 17, 2006, hearing. After a hearing, the same judge denied the motion, but did clarify the condition regarding minimization, adding the language "during treatment."

On August 10, 2006, after trial, a Suffolk County jury concluded that the defendant was no longer sexually dangerous. With that verdict in hand, on September 8, 2006, the defendant

---

power to control his sexual impulses, as evidenced by repetitive or compulsive sexual misconduct by either violence against any victim, or aggression against any victim under the age of 16 years, and who, as a result, is likely to attack or otherwise inflict injury on such victims because of his uncontrolled or uncontrollable desires."

[3]Defense counsel subsequently stated, in response to questioning by the judge, that "we are not hiding the ball and saying that these conditions and our request to have them are not strategic; but they're also . . . plainly to the benefit of the . . . public."

filed a motion in the Superior Court for Barnstable County seeking to modify the probation order due to a change in circumstances. After hearing, on September 27, 2006, the judge denied the motion.

On October 26, 2006, the defendant filed a notice of appeal. The notice of appeal seeks an appeal "from the order . . . denying [the defendant's] request to change the conditions of his probation entered in the above-captioned case on September 27, 2006." The defendant's argument on appeal is that the judge lacked the authority to, or in the alternative abused his discretion to, sua sponte add conditions to the terms of the probation; and that even if the sua sponte conditions were valid, changed circumstances (i.e., the defendant's victory in the most recent "sexually dangerous person" proceeding) required that the conditions to which he objects be rescinded.

*Discussion.* At the outset, we note that the defendant only appealed from the order of the Superior Court for Barnstable County denying his September 8, 2006, motion seeking a change in his probation conditions. The sole issue on appeal is thus whether the judge abused his discretion in denying the defendant's September 8, 2006, motion seeking modification of the probation conditions. He did not. Before reaching that question, however, we comment on the defendant's argument attacking the July 17, 2006, order.

1. *July 17, 2006, order.* To the extent the defendant challenges the original imposition of the probation condition that he not reside near children, as introduced in the July 17, 2006, order, that decision is not before this court. Here, the defendant did not file a notice of appeal from that decision within the requisite thirty days, and did not file a motion seeking to extend the thirty-day filing period. Mass.R.A.P. 4(b), as amended, 431 Mass. 1601 (2000). The defendant responded to the trial court July 17 order by filing a "Motion to Strike Additional Probation Conditions." The Commonwealth suggests that that motion, notwithstanding its title, could be deemed a motion to reconsider for purposes of the filing rules and, as such, could extend the filing period for a notice of appeal. See *Commonwealth v. Powers*, 21 Mass. App. Ct. 570, 573-74 (1986); *Commonwealth v. Downs*, 31 Mass. App. Ct. 467, 469 (1991). See also *Com-*

*monwealth* v. *Lewis*, 57 Mass. App. Ct. 931, 931-932 (2003). Even if so, after the motion to strike the additional conditions was denied on August 3, 2006, following hearing, no notice of appeal was filed within thirty days. Even the defendant's motion of September 8, 2006, now before this court, was not filed until more than thirty days after the motion to reconsider was denied. No motion to extend the filing period was filed under Mass.R.A.P. 4(c), as amended, 378 Mass. 928 (1979), or even under Mass.R.A.P. 14, as amended, 378 Mass. 939 (1979). In short, any issues raised by the earlier court order are not properly before this court. See *Commonwealth* v. *Montanez*, 410 Mass. 290, 294 (1991); *Commonwealth* v. *Pappas*, 432 Mass. 1025, 1025-1026 (2000) (pursuant to Mass.R.A.P. 4[b], notice of appeal must be filed within thirty days. Only upon showing of excusable neglect may extension be granted).

Moreover, even if we were to reach the merits of the July 17, 2006, order, in particular the condition of probation that the defendant "not reside in a location where minor children reside . . . [or] in a multi-family dwelling where minor children reside," we would not be persuaded by the defendant's claims of substantive and procedural defect.

When the original sentencing judge imposed the conditions of probation in June, 1996 (at the time of the defendant's conviction), he did not know that the defendant would be found in October, 2001, to be a sexually dangerous person under G. L. c. 123A, § 1. Rather, the restrictive residency condition was imposed after the defendant's designation as a "sexually dangerous person" under G. L. c. 123A, § 1, the focus of which is the defendant's current mental condition. *Commonwealth* v. *Bruno*, 432 Mass. 489, 498 (2000). Such a designation, where it provides the judge with information about the defendant not known to the judge at the time of sentencing, but which is consistent with the sentence and the tenor of the terms of the probation, qualifies as a material change in circumstances permitting a modification in the conditions of probation, so long as that change does not constitute punishment.

"The success of probation as a correctional tool" is largely a product of its "flexibility." *Buckley* v. *Quincy Div. of the Dist. Ct. Dept.*, 395 Mass. 815, 818 (1985) (*Buckley*). Thus, the

" 'terms and conditions' [of probation] may be subject to modification from time to time as a proper regard for the welfare, not only of the defendant but of the community, may require." *Ibid.*, quoting from *Commonwealth* v. *McGovern*, 183 Mass. 238, 240 (1903). Indeed we note that all parties to the July 17, 2006, proceeding treated the sexually dangerous person designation as a material change in circumstances permitting the modification of the defendant's probation conditions, such as the addition of outpatient sex offender treatment. Where a judge is asked to modify the conditions of probation, the judge retains the discretion to include additional reasonable restrictions consistent with the underlying basis for the modification, *Commonwealth* v. *Lapointe*, 435 Mass. 455, 459 (2001), so long as the modification of the terms is not "so drastic" that it amounts to a revision of the terms of the sentence. *Buckley, supra* at 818 n.5. In the present case, the additional conditions the judge imposed were not unreasonable and are consistent with the defendant's underlying sentence for the rape of a child, the tenor of the terms of his probation, and his designation as a sexually dangerous person.

The defendant counters that the decision in *Buckley* establishes that the additional probation condition now challenged is substantively invalid because the judge hearing the matter was not the same judge who sentenced the defendant ten years before, thus having no power to modify the defendant's probation without a material change of circumstances. The defendant's citation is misplaced. *Buckley* holds that a supervisory court that differs from the sentencing court may not impose substantial additional conditions unless there has been a showing of material changes in circumstances. *Id.* at 820. The concerns raised in the *Buckley* case regarding the power of supervisory courts rather than sentencing courts are not applicable here because the supervisory court and the sentencing court were the same.

The defendant also argues that the July 17 order was procedurally and constitutionally defective because there was no prior notice of the additional condition restricting his residence. The question whether notice is constitutionally required before modification of probation has not been decided. *Id.* at 817 n.1.

Here, the defendant's claim is unpersuasive on the record. Even assuming arguendo that the defendant was entitled to notice — that additional terms unfavorable to him (but consistent with the underlying sentence and his designation as a sexually dangerous person) could be imposed at a hearing (requested by his own counsel) concerning adding conditions to the terms of probation — any alleged error with respect to notice was harmless. Here, the court accorded the defendant a second hearing on August 3, 2006; thus, he cannot claim that he was not provided with an opportunity to be heard or to litigate the probation issue. To the extent that the defendant also claims that the imposition of the additional condition was flawed because he did not consent to it, without reaching the merits, we note again that he never appealed the imposition of the condition.

2. *September 27, 2006, order.* We now return to the question whether the judge abused his discretion in denying the defendant's September 8, 2006, motion to modify his probation — to wit, to drop the residency restriction — because a jury found him no longer to be sexually dangerous pursuant to G. L. c. 123A, § 9.

"The superior court . . . may place on probation in the care of its probation officer any person . . . in any case after a finding or verdict of guilty . . . ." G. L. c. 276, § 87, as amended through St. 1974, c. 614. "[I]t is the function of the sentencing judge to set the conditions of probation." *Commonwealth v. Lally*, 55 Mass. App. Ct. 601, 603 (2002), quoting from *Commonwealth v. MacDonald*, 50 Mass. App. Ct. 220, 223 (2000). "Judges are permitted 'great latitude' in imposing conditions of probation . . . ." *Commonwealth v. Lapointe*, 435 Mass. at 459, quoting from *Commonwealth v. Pike*, 428 Mass. 393, 402 (1998). In conditions amounting to a material change in circumstances, the sentencing court may modify the conditions of probation in order "to serve 'the ends of justice and the best interests of both the public and the defendant.' " *Buckley*, 395 Mass. at 817, quoting from *Burns v. United States*, 287 U.S. 216, 221 (1932). See *Commonwealth v. Lally, supra* at 603 ("only a judge has the authority to modify or alter the terms of a defendant's probation"). Our threshold inquiry is therefore whether the result of the defendant's § 9 proceeding declaring

him to be no longer sexually dangerous constituted a material change in circumstances sufficient to warrant modification of the conditions of probation.

The procedural history of this case suggests that the judge considered the result of the defendant's § 9 proceeding to be of such magnitude as to qualify for modification of the conditions of probation. We do not dispute this conclusion. Therefore, the crux of the matter is whether the judge abused his discretion in deciding that the defendant, despite being declared no longer sexually dangerous or in need of confinement at the treatment center, still presented a recidivism risk, warranting the conditions then included in his probation. After review, we conclude that the judge did not abuse his discretion in declining to further modify the terms of the defendant's probation.

At the September 8, 2006, hearing, the judge explained that he had originally imposed the residency restriction of the July 17, 2006, hearing because the existing conditions were not

"designed to . . . keep him out of a living situation where he is seen daily by the child next door . . . ; the common areas where you might encounter the child, to the extent that the child becomes familiar with the gentleman. Because it is familiarity that is part of his profile of offending . . . . He offends with a child that's familiar to him."

The defendant wanted to move to an apartment complex that his probation officer believed was not an appropriate placement because of the apparent presence of children. The judge, at the time of the September 27, 2006, hearing, had continuing concerns about the defendant's likelihood of reoffending against a child despite the defendant's change in status under G. L. c. 123A, as well as the recognition that without the challenged condition, the terms of the probation were insufficient to ensure the defendant's transition from the treatment center to the community. As such, the judge did not abuse his discretion in denying the motion to modify the conditions of probation.

While one of the aims of G. L. c. 123A, § 9, is to protect "the vulnerable members of our communities from sexual offenders," see St. 1999, c.74, emergency preamble, its primary purpose is remedial, namely, to rehabilitate those people whose

present mental condition is not deterred by the threat of confinement. *Commonwealth* v. *Bruno*, 432 Mass. at 501. The defendant's argument suggests that once he was found not to be subject to the rehabilitative condition of confinement as a sexually dangerous person, he should not be subject to probation conditions, pursuant to G. L. c. 276, § 87, tailored to be responsive to his potentially continuing propensities. There is no support for such a position. One may be found not a sexually dangerous person for purposes of civil confinement, but may still pose a sexually dangerous risk to others without some supervision, restriction, or attempted rehabilitation outside of confinement. Given the "particularly high" recidivism rates among child molesters, *Commonwealth* v. *Goodwin*, 414 Mass. 88, 93-94 (1993), a specific residency restriction to·keep such a person away from children is a permissible probation term. *Commonwealth* v. *LaPointe*, 435 Mass. at 460.

Furthermore, the judge's disinclination to lift the condition does not amount to a modification of the probationary terms that is "so drastic" that it becomes a revision of the underlying sentence. *Buckley*, 395 Mass. at 818 n.5. Rather, the modification primarily at issue in this instance is a nonpunitive measure designed to ease the defendant's reintroduction into the community, while also protecting the public. *Ibid. Commonwealth* v. *Williams*, 60 Mass. App. Ct. 331, 332 (2004) (goals of probation include "deterrence of unlawful conduct, the protection of the public, and rehabilitation of the probationer as well as punishment and retribution"). See *Commonwealth* v. *Lapointe*, *supra* at 459 ("probation condition is enforceable, even if it infringes on a defendant's ability to exercise constitutionally protected rights, so long as the condition is 'reasonably related' to the goals of sentencing and probation"). As the judge explained, that the defendant is unable to live with his wife at this particular residence in no way prevents them from living together in a different residence.

We affirm the September 27, 2006, order denying the defendant's motion to modify the conditions of his probation due to a change in circumstances.

*So ordered.*