COMMONWEALTH *vs.* SCOTT POWERS.

No. 07-P-929.

Essex. October 8, 2008. - November 18, 2008.

Present: CYPHER, GRASSO, & KANTROWITZ, JJ.

*Practice, Criminal,* Sentence, Probation. *Assault and Battery. Threatening.*

A Superior Court judge acted within his authority in imposing a five-year term of probation on the criminal defendant's conviction of threatening to commit a crime in violation of G. L. c. 275, § 4, where the threats statute did not prohibit a probationary term of greater than six months, and where there was no conflict between the provisions of the threats statute and those of the probation statute, G. L. c. 276, § 87, as to the permissible length of a probationary term. [186-189]

INDICTMENTS found and returned in the Superior Court Department on March 23, 2005.

The cases were tried before *Joseph M. Walker, III,* J.

*William R. Hill, Jr.,* Committee for Public Counsel Services, for the defendant.

*Elin H. Graydon,* Assistant District Attorney, for the Commonwealth.

GRASSO, J. A jury found the defendant guilty of assault and battery and threatening to commit a crime. The judge sentenced the defendant to a committed term of two and one-half years in the house of correction on the assault and battery indictment and a consecutive five-year term of probation, with special conditions, on the indictment for threatening to commit a crime. On appeal, the defendant contends that the judge exceeded his authority in imposing a probationary period of five years. We affirm.

The defendant argues that the threats statute, G. L. c. 275, § 4, prohibits a judge from imposing a probationary term greater than six months. He argues, as well, that to the extent the specific provisions of the threats statute conflict with the terms of the

probation statute, G. L. c. 276, § 87, the more specific terms of the threats statute must prevail. Neither contention correctly interprets the relevant statutes. The threats statute does not prohibit a sentencing judge from imposing a probationary term of greater than six months. Nor is there a conflict between the provisions of the threats statute and those of the probation statute as to the permissible length of a probationary term.

General Laws c. 275, § 4, as amended by St. 1992, c. 379, § 182, provides in pertinent part:

> "If the person complained of is convicted, he may be punished by . . . imprisonment for not more than six months. Instead of imposing sentence, the court or justice may order the person complained of to enter into a recognizance, with sufficient sureties, in such sum as the court or justice orders, to keep the peace toward all the people of the commonwealth, and especially toward the person requiring such security, for such term, not exceeding six months, as the court or justice may order."

In sentencing this defendant, the judge neither imposed a committed sentence nor required the defendant to post a bond to keep the peace. Consequently, the judge neither exceeded the statutory maximum term of six months imprisonment nor implicated the peace bond provision and its attendant six-month term. Rather, the judge imposed a five-year term of probation, with conditions both general and special, as permitted under the probation statute. The imposition of such a probationary term was lawful and neither violates nor conflicts with the threats statute.

General Laws c. 276, § 87, as amended through St. 1974, c. 614, provides in pertinent part:

> "The superior court . . . may place on probation in the care of its probation officer any person before it charged with an offense or a crime *for such time and upon such conditions as it deems proper*, with the defendant's consent, before trial and before a plea of guilty, or *in any case after a finding or verdict of guilty*" (emphasis added).

Placing a defendant on probation provides considerably greater supervision over the defendant's rehabilitation and the protec-

tion of the public than a mere bond requiring a defendant to keep the peace. See *Commonwealth* v. *Lapointe*, 435 Mass. 455, 459 (2001) ("principal goals of probation are rehabilitation of the defendant and protection of the public"). "Judges are permitted 'great latitude' in imposing conditions of probation . . . ." *Commonwealth* v. *Pike*, 428 Mass. 393, 402 (1998). Probation enables a judge to tailor an appropriate individualized sentence for such time and upon such conditions as he or she deems proper. See *Commonwealth* v. *Lapointe*, *supra*. Probation obliges a defendant, under the oversight of a probation officer, to comply with the general conditions of probation — including the obligation to obey all laws, to report to a probation officer, and to notify the officer of a change of address — as well as any special conditions of probation tailored to the defendant. See *Commonwealth* v. *Smith*, 38 Mass. App. Ct. 324, 324 (1995). Here, the special conditions imposed by the judge obligated the defendant to attend and complete a court certified batterer's program as well as anger management and Alcoholics Anonymous programs; to undergo a psychiatric or psychological evaluation and any after care deemed appropriate; and to abide by a no contact order.

The defendant cites no authority to support his contention that the threats statute prohibits the imposition of a probationary term greater than six months or that imposition of such a probationary term conflicts with the goals of that statute. We view the threats statute and the probation statute as working in harmony. The probation statute supplements rather than conflicts with the threats statute by providing a sentencing judge a wider array of tools to promote the defendant's rehabilitation and the protection of the public. Where the Legislature desired to limit the reach of the probation statute, it did so by creating express exceptions to its provisions.[1] That the threats statute is not among the express exceptions is indicative of the Legislature's intent

---

[1] The probation statute prohibits its immediate application upon convictions of certain offenses. "[N]o person convicted under section twenty-two A or twenty-four B of chapter two hundred and sixty-five or section thirty-five A of chapter two hundred and seventy-two shall [if previously convicted under said sections and eighteen years of age or older at the time the prior offense was committed] be released on parole or probation prior to the completion of five years of his sentence." G. L. c. 276, § 87.

that the probation statute should have applicability to those convicted of threats. See *Aquino* v. *Civil Serv. Commn.*, 34 Mass. App. Ct. 538, 541 (1993) (the statutory expression of one thing is the implied exclusion of other things omitted from the statute).

Finally, we note that probationary sentences longer than six months' duration for those convicted of threats are common in our law. Compare *Commonwealth* v. *Rotonda*, 434 Mass. 211, 215 (2001) (imposition of one year unsupervised probation for threats and civil rights violation); *Commonwealth* v. *Janovich*, 55 Mass. App. Ct. 42, 43 (2002) (two years' probation for threats and violation of G. L. c. 209A order); *Commonwealth* v. *Ortiz*, 58 Mass. App. Ct. 904, 905 (2003) (two years' probation for threats and assault and battery).

*Judgments affirmed.*