NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

14-P-1763                                    Appeals Court

COMMONWEALTH  vs.  JOSE RIZ.

No. 14-P-1763.

Bristol.     March 9, 2016. - August 12, 2016.

Present:  Cypher, Cohen, & Neyman, JJ.


Practice, Criminal, Probation, Sentence.  Constitutional Law,
     Sentence.  Due Process of Law, Sentence.


     Indictments found and returned in the Superior Court
Department on July 21, 2011.

     The cases were tried before Gary A. Nickerson, J.


     James A. Reidy for the defendant.
     Corey T. Mastin, Assistant District Attorney, for the
Commonwealth.


     NEYMAN, J.  In this case, we consider whether a probation

condition that the defendant, Jose A. Riz, not "minimize" his

criminal activity "during his sex abuse treatment . . . in his

contact with church authorities . . . [and] in dealing with

[his] probation officer" is unconstitutionally vague.  We hold

that the condition does not provide reasonable guidance with

respect to what conduct is prohibited, and therefore violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.[1]

Background.  In 2010 and 2011, the defendant lived at his brother's apartment, along with his brother and his brother's oldest daughter (the victim, who was also the defendant's niece).  During this timeframe, the defendant had sexual contact with the victim on multiple occasions, including vaginal, anal, and oral sex.  The victim was thirteen and fourteen years old at the time, while the defendant was eighteen and nineteen years old.  The final instance of abuse occurred on May 8, 2011.  That night, the defendant, who had consumed alcohol and smoked marijuana, pulled the victim into his room, undressed her, lay on top of her, and touched her vagina with his penis.  The defendant's brother discovered the victim leaving the defendant's room, and the victim subsequently told her mother of her sexual relationship with the defendant.  The defendant was arrested, and, during an interview with the police, confessed to having had sex with the victim on more than one occasion.  The defendant was indicted for statutory rape, G. L. c. 265, § 23; incest, G. L. c. 272, § 17; and assault of a child under the age

---

[1] The defendant does not challenge the condition under the Massachusetts Declaration of Rights.

of sixteen with intent to commit rape, G. L. c. 265, § 24B.[2]  At

his jury trial in the Superior Court, the defendant testified

that he was drunk on the night of May 8, denied having any

sexual contact with the victim, and claimed that his confession

was the product of his intoxication.  The jury convicted the

defendant on all counts.

   At sentencing, defense counsel told the judge, inter alia,

that the defendant was from Guatemala, had developed some

alcohol and marijuana problems, and had ongoing and strong

involvement with his church.  She further advised that the

defendant had grown up in a different culture, and that "there

is a certain amount of early sexual activity that goes on in the

area of the world where he comes from. . . .  That is what he

was familiar with."  The judge was also informed that the

defendant had been rearrested, during the pendency of this case,

for an incident involving a prostitute.  Finally, the judge

observed or otherwise gleaned that several of the victim's

family members had pressured the victim not to testify and had

glared at the victim during the sentencing proceedings.

   The judge sentenced the defendant to concurrent prison

terms of not less than four nor more than seven years for the

statutory rape and incest convictions, and a concurrent sentence

---

   [2] The defendant does not challenge his convictions.  His
appeal is limited only to the probation condition.

of ten years' probation for the conviction of assault of a child under the age of sixteen with intent to commit rape.  The terms of probation contained various special conditions, including sex offender counseling, no unsupervised contact with minor children, and no employment or performance of volunteer activities "that puts [the defendant] into contact with minor children on a regular basis."  The judge further ordered that the defendant was "not to minimize [his] crimes during treatment with church activities or with probation."  The judge sought to clarify this condition by stating:

> "In other words, [the defendant is] not to minimize his crimes involving [the victim] or his involvement with the prostitute during his sex abuse treatment.
>
> "He's also not to minimize his criminal activity in his contact with church authorities -- I can't believe the church would knowingly put him with children if they knew the extent of his criminal involvement -- and he's not to minimize his criminal involvement in dealing with the probation officer."

The defendant now appeals, claiming that the probation condition that he is "not to minimize his crimes" violates due process and the First Amendment to the United States Constitution.

Discussion.  Judges are permitted "great latitude" in imposing conditions of probation.  Commonwealth v. Power, 420 Mass. 410, 413 (1995), cert. denied, 516 U.S. 1042 (1996).  As a general rule, a condition of probation is enforceable, even if it impacts a defendant's ability to exercise constitutionally

protected rights, so long as it is "reasonably related" to the goals of sentencing and probation.  Id. at 414-415.  The principal goals of probation are "rehabilitation of the probationer and protection of the public."  Commonwealth v. Pike, 428 Mass. 393, 403 (1998), citing Power, supra at 417. Other goals include punishment, deterrence, and retribution.  Ibid., citing Power, supra at 414.  "These goals are best served if the conditions of probation are tailored to address the particular characteristics of the defendant and the crime."  Ibid.

In the present case, the judge took pains to fashion a sentence that addressed the goals of public protection, punishment, rehabilitation, and deterrence.  Based on the nature of the offenses, the representations at sentencing concerning the claimed cultural differences regarding "early sexual activity" that were ostensibly ingrained in the defendant, the defendant's involvement with the prostitute during the pendency of his case, and his connection with his church, the judge had reason to impose special conditions to protect the public and to foster the defendant's rehabilitation by underscoring the seriousness of his crime.  Having determined that the defendant's sentence complied with the general goals of sentencing and probation, we now consider whether the condition at issue meets the specific requirements of due process.

"Due process requires that a probationer receive fair warning of conduct that may result in revocation of probation; thus, probation conditions must provide reasonable guidance with respect to what activities are prohibited." Commonwealth v. Kendrick, 446 Mass. 72, 75 (2006), and cases cited. This notice requirement can be satisfied by "an imprecise but comprehensible normative standard so that [people] of common intelligence will know its meaning." Ibid., quoting from Commonwealth v. Orlando, 371 Mass. 732, 734 (1977). See Power, supra at 421, quoting from Commonwealth v. Adams, 389 Mass. 265, 270 (1983) ("[I]f the language which is challenged conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices, it is constitutionally adequate").

The defendant argues that neither he, nor his probation officer, nor the court itself, has sufficient guidance as to what acts or statements would constitute a violation of the condition at issue. He contends that absent further definition of the term "minimize," or clearly delineated examples of violative and nonviolative statements, the condition is impermissibly vague. The Commonwealth counters that the term "minimize" is hardly a complex term. It maintains that the plain meaning of the word clearly forecloses the defendant from

denying or downplaying his culpability to those involved with his rehabilitation.

Examining a realistic hypothetical quickly demonstrates the difficulty with the condition.  When pressed to define the scope of the prohibited conduct, the Commonwealth suggested at oral argument that the defendant still could make statements consistent with the "truthful representation of the facts of this case."  However, it is entirely possible that even truthful representations of the facts could be deemed to be prohibited by the condition.  For example, if the defendant were to state truthfully that he had a drinking problem and was intoxicated at the time of some of the incidents, that could well be perceived as minimizing the severity of the crime, minimizing his intent, or minimizing his relative culpability.  Indeed, the reach of the condition appears to have been designed to extend to truthful circumstances that were not a defense to the crimes, but which the defendant and his supporters may have considered to be mitigating.  At a minimum, the condition is equivocal. "[P]robationers are entitled to reasonably specific conditions that provide clear guidelines as to what and when their actions or omissions will constitute a violation of their probation."  Commonwealth v. Lally, 55 Mass. App. Ct. 601, 603 (2002).

We have no doubt that the well-intentioned sentencing judge had the goals of public safety, punishment, and rehabilitation in mind when structuring the defendant's sentence. The judge may have also viewed our decision in Commonwealth v. Morales, 70 Mass. App. Ct. 839 (2007), as permitting such a condition. In that case, our primary focus was on a residency condition, but in passing, we stated generally that the conditions imposed by the judge, including a similar "minimization" condition, "were not unreasonable." Id. at 841, 844. Morales, however, did not involve a constitutional due process challenge, and thus did not address the issue presently before this court. Having now reviewed the issue, we conclude that the special condition that the defendant not "minimize [his] crimes during treatment with church activities or with his probation officer" does not provide reasonable guidance with respect to what conduct is prohibited. Therefore, the condition violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.[3] Accordingly, we order that the special condition of probation that the defendant not "minimize" his crimes during sex abuse treatment, in contact with church authorities, and in dealing with his probation officer be vacated, and that the case be remanded to the Superior Court for

---

[3] Where we resolve the case on the due process claim, we need not address the challenge under the First Amendment.

consideration whether more clearly defined conditions of probation should be imposed, in the sentencing judge's discretion, in lieu of the one vacated.  The judgments are affirmed in all other respects.

<u>So ordered</u>.