NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-532

COMMONWEALTH

<u>vs</u>.

DONALD R. CAMERON, THIRD.

<u>MEMORANDUM AND ORDER PURSUANT TO RULE 23.0</u>

The defendant appeals from denials of his motions to waive the out-of-State travel restriction imposed as a condition of his probation and to revise and revoke his sentence to remove the travel restriction. We vacate and remand for further proceedings.

<u>Background</u>. On October 31, 2023, the defendant pleaded guilty in the District Court to assault with a dangerous weapon, G. L. c. 265, § 15B (<u>b</u>), assault and battery, G. L. c. 265, § 13A (<u>a</u>), threat to commit a crime, G. L. c. 275, § 2, and kidnapping, G. L. c. 265, § 26. A judge (sentencing judge) sentenced the defendant to two years in the house of correction on each count, to run concurrently, suspended for two years.

The probation conditions included a prohibition on the defendant's travel outside the Commonwealth without the express permission of the defendant's probation officer or a judge of the District Court.

On December 14, 2023, the defendant filed a motion to waive the travel restriction. The Commonwealth agreed that the restriction was not required and assented to the motion. At a hearing before a different judge (motion judge), defense counsel explained that he "inadvertently made a mistake" in failing to request a waiver of the travel restriction at the time of disposition and informed the judge that the defendant was in full compliance with the conditions of probation. The judge denied the motion without explanation on December 22, 2023.

On December 28, 2023, the defendant filed a renewed motion to waive the travel restriction. The motion, again assented to by the Commonwealth, included a supplemental affidavit explaining that the probation department assessed the defendant as "Low Risk," and asserted that the travel restriction had a "detrimental impact" on the defendant, who is the sole owner of a commercial painting business that requires frequent travel outside the Commonwealth to serve corporate clients. The same motion judge again denied the renewed motion without hearing or explanation. The defendant appealed.

On January 22, 2024, the defendant filed a motion to revise and revoke the sentence pursuant to Mass. R. Crim. P. 29 (a) (2), as appearing in 489 Mass. 1503 (2022).[1]  The motion, argued before the sentencing judge and assented to by the Commonwealth, again explained counsel's error in failing to request waiver of the travel restriction at the time of the plea and the defendant's reliance on travel outside the Commonwealth for his business.  The Commonwealth confirmed that, at the time, it would not have objected to waiving the travel restriction.  The sentencing judge denied the motion without explanation.  The defendant appealed.

Discussion.  We review the denial of a motion to waive a probation condition for abuse of discretion.  See Commonwealth v. Morales, 70 Mass. App. Ct. 839, 842 (2007).  Judges abuse their discretion when committing "a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (quotation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

---

[1] The defendant stated that the motion was timely because it was filed, as the rule permits, "within sixty days of the disposition of criminal charges against a codefendant."  Mass. R. Crim. P. 29 (a) (2).  Neither the Commonwealth nor the judge questioned the timeliness of the motion.

3

Although a prohibition on travel outside the Commonwealth violates the "fundamental constitutional right" to interstate travel, Commonwealth v. Pike, 428 Mass. 393, 402 (1998), citing Shapiro v. Thompson, 394 U.S. 618, 630 (1969), "[j]udges are permitted 'great latitude' in imposing conditions of probation . . . and may place restrictions on probationers' freedoms that would be unconstitutional if applied to the general public." Pike, supra, quoting Commonwealth v. Power, 420 Mass. 410, 413-414 (1995), cert. denied, 516 U.S. 1042 (1996). However, this latitude is not boundless, as "a probation condition that infringes on constitutional rights must . . . be 'reasonably related' to the goals of sentencing and probation . . . [such as] rehabilitation of the probationer and protection of the public." Pike, supra at 403, quoting Power, supra at 414. Therefore, "[t]he more tenuous the relationship between a given condition and the goals of probation, and the more extensively a constitutional right is burdened, the less likely the condition is to be permissible." Commonwealth v. Obi, 475 Mass. 541, 547 (2016).

Because neither judge gave reasons for denying the defendant's requests to waive the travel restriction, and the Commonwealth assented to the requests, we cannot assess how the restriction is "'reasonably related'" to "the goals of

4

sentencing and probation."  Pike, 428 Mass. at 402, quoting Power, 420 Mass. at 414.

We therefore vacate the orders denying the defendant's motions to waive the out-of-State travel restrictions and to revise and revoke his sentence, and we remand the case for reconsideration or for explanation, consistent with the legal principles enunciated above, why the travel restriction should remain a condition of the defendant's probation.[2]

So ordered.

By the Court (Massing, Hershfang & Tan, JJ.[3]),

Clerk

Entered:  May 1, 2025.

---

[2] We note that the docket sheet shows that the defendant's two subsequent motions to travel were allowed -- by a different judge on December 13, 2024, and by the motion judge on December 31, 2024.

[3] The panelists are listed in order of seniority.

5