*Judith S. Yogman,* Assistant Attorney General, for Commissioner of Revenue.


COMMONWEALTH *vs.* ARA K. YACOBIAN. December 4, 1984. *Practice, Criminal,* Report.

A judge of a Norfolk District Court, jury-of-six session, reported certain questions of law to the Appeals Court before trial under Mass. R. Crim. P. 34, 378 Mass. 905 (1979). We transferred the report to this court on our own motion. We now discharge the report and remand the case to the District Court for further proceedings.

The defendant is complained of as to four motor vehicle violations: (1) operating a vehicle on a public way while under the influence of intoxicating liquor, (2) operating a motor vehicle recklessly, (3) speeding, and (4) failing to report his address to the Registrar of Motor Vehicles within thirty days after his address changed. His motion to report under rule 34 was allowed by endorsement. Of the several questions raised by the defendant's motion, the most novel concerns G. L. c. 276, § 33A. The question is whether the defendant is entitled to a dismissal of the charges against him because, in permitting the defendant to make a telephone call from the police station as G. L. c. 276, § 33A, requires, the police officers directed the defendant to a telephone which automatically recorded the defendant's conversation with his attorney. The defendant filed a motion to dismiss the charges based on this issue. After a hearing, a judge of the District Court denied the defendant's motion to dismiss. Another District Court judge then allowed the defendant's motion to report.

We decline to rule on the reported questions because of the inadequacy of the record. See Reporters' Notes to Mass. R. Crim. P. 34, Mass. Ann. Laws, Rules of Criminal Procedure at 504 (1979). No factual findings have been made by a District Court judge; nor is there a stipulated statement of facts. We have, therefore, no factual basis to determine the questions that the

report seeks to raise. On the question concerning G. L. c. 276, § 33A, for example, we do not know whether the police officers' actions were intentional or inadvertent, or whether the defendant was prejudiced as a consequence of the police officers' actions. We cannot rule on questions of law predicated on factual findings without knowing what the facts are. See *Commonwealth* v. *O'Neil*, 233 Mass. 535, 543 (1919) ("The report over the signature of the judge should . . . recite or refer to facts or parts of the record sufficient to make intelligible the question or questions of law reported"). See also *Commonwealth* v. *Clarke*, 350 Mass. 721, 722 (1966) (report discharged and case remanded because stipulated facts "make a presentation not best suited for deciding the reported questions"); *Commonwealth* v. *Ficksman*, 340 Mass. 744, 747 (1960) (reports discharged and cases remanded because of insufficiency of the record).

*Report discharged and case remanded to the District Court for further proceedings.*

*James D. Casey* for the defendant.

*Joanne Farrell*, Assistant District Attorney (*Charles J. Hely*, Assistant District Attorney, with her) for the Commonwealth.