## COMMONWEALTH *vs.* ANTHONY PULEIO.

Suffolk. October 5, 2000. - December 13, 2000.

Present: MARSHALL, C.J., ABRAMS, GREANEY, IRELAND, SPINA, COWIN, & SOSMAN, JJ.

*Moot Question. Practice, Criminal,* Probation. *Bail. District Court Rules for Probation Violation Proceedings.*

Where in a preliminary probation violation hearing the judge had found probable cause and ordered the probationer into custody, Rule 8(d) of the District Court Rules for Probation Violation Proceedings prohibited the release of the probationer on bail pending the final hearing [40-42], and the probationer who had been ordered to be so detained had no right to file a bail review petition in the Superior Court [42-44].

COMPLAINTS received and sworn to in the Charlestown and East Boston Divisions of the District Court Department on April 13, 1998, and June 28, 1999, respectively.

A proceeding for revocation of probation was heard in the Charlestown Division by *Peter W. Agnes, Jr.,* J.; a bail review petition was heard in the Superior Court Department by *Diane M. Kottmyer,* J.; and questions of law were reported to the Appeals Court by *Agnes,* J. The Supreme Judicial Court granted a request for direct review.

*Nona E. Walker,* Committee for Public Counsel Services, for the defendant.

*Dean A. Mazzone,* Assistant District Attorney *(John P. Zanini,* Assistant District Attorney, with him) for the Commonwealth.

ABRAMS, J. At issue is the interpretation to be given to Rule 8 of the District Court Rules for Probation Violation Proceedings, effective January 3, 2000. During a preliminary probation revocation hearing, a District Court judge found probable cause to believe that the probationer had violated the terms and conditions of his probation. The District Court judge ordered the probationer detained pending the final probation revocation hearing. The probationer filed a bail review petition in the Superior Court requesting a review of the detention order. A

Superior Court judge ordered the probationer released on bail pending the final probation revocation hearing. The District Court judge then reported two questions of law to the Appeals Court. See Mass. R. Crim. P. 34, 378 Mass. 905 (1979).[1] The reported questions were (1) whether, following a probation violation hearing at which there has been a finding of probable cause and an order of custody, a District Court judge may release the probationer on bail for the probation violation pending the final hearing; and (2) whether a probationer who has been ordered detained by a District Court judge following a preliminary probation violation hearing and pending a final hearing has a right to file a bail review petition in the Superior Court. We granted the defendant's application for direct appellate review and answer both questions in the negative.

*Mootness.* The parties report that the underlying criminal case has ended and that the final probation revocation proceeding ended because the District Court judge concluded there had been no violation of probation. "Ordinarily, litigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome." *Blake* v. *Massachusetts Parole Bd.,* 369 Mass. 701, 703 (1976). "Nonetheless, it is within our discretion to decide an issue which is no longer important to the parties, where the question is one of public importance, is very likely to arise again in similar circumstances, and where appellate review could not be obtained before the question would again be moot." *Attorney Gen.* v. *Commissioner of Ins.,* 403 Mass. 370, 380 (1988). We agree with the parties that we should exercise our discretion and answer the questions. We turn to the merits.

*Question one.* The first reported question addresses a probationer's right to bail after a preliminary probation revocation hearing where probable cause has been found and there has been an order of custody pending the final probation revocation hearing. Rule 8 of the District Court Rules for Probation Violation Proceedings sets forth the procedure to be followed in preliminary and final probation violation proceedings. We conclude that the rule itself answers the first reported question.

---

[1]Rule 34 of the Massachusetts Rules of Criminal Procedure, 378 Mass. 905 (1979), provides in part: "If, prior to trial, or, with the consent of the defendant, after conviction of the defendant, a question of law arises which the trial judge determines is so important or doubtful as to require the decision of the Appeals Court, the judge may report the case so far as necessary to present the question of law arising therein."

According to rule 8, the issues to be determined at the preliminary probation violation hearing are whether there is probable cause to believe that the probationer has violated a condition of the probation order and, if so, whether the probationer should be held in custody. See Rule 8 (a).[2] If probable cause is found, the court may order the probationer to be held in custody pending the completion of the final violation hearing. See Rule 8 (c).[3] The rule provides a list of factors to be considered by the judge in making a determination whether to

[2]Rule 8 (a) of the District Court Rules for Probation Violation Proceedings provides: "Purpose. A preliminary probation violation hearing shall be conducted only when the Probation Department seeks to hold a probationer in custody on the basis of an alleged violation of probation pending the conduct of a full probation violation hearing. The issues to be determined at a preliminary probation violation hearing are whether probable cause exists to believe that the probationer has violated a condition of the probation order, and, if so, whether the probationer should be held in custody."

[3]Rule 8 (c) provides: "Conduct of Hearing. Preliminary probation violation hearings shall be conducted by a judge or, if necessary, a magistrate, in a courtroom on the record, and shall proceed in an informal manner. The probationer shall be entitled to counsel. Following service of notice, as provided in section (b), above, and appointment of counsel, if necessary, the probationer shall be allowed a reasonable time to prepare for the hearing. At such hearing, the probation officer shall present evidence to support a finding of probable cause. The District Attorney may assist in the presentation of such evidence. The probationer shall be entitled to be heard in opposition. Testimony shall be taken under oath. The court shall admit such evidence as it deems relevant and appropriate. The proceeding shall be limited to the issue of probable cause to believe that the alleged violation of probation has occurred.

"If probable cause is found, a probation violation hearing shall be scheduled, the probationer shall thereupon be served in hand with a notice of said hearing, *and the court may order the probationer to be held in custody pending the conduct of* and completion of the scheduled final violation hearing. The court's decision whether to release the probationer pending the conduct and completion of the final probation violation hearing, notwithstanding a finding of probable cause on an alleged violation, shall include, but not necessarily be limited to:

"i. the probationer's criminal record;

"ii. the nature of the offense for which the probationer is on probation;

"iii. the nature of the offense or offenses with which the probationer is newly charged, if any;

"iv. the nature of any other pending alleged probation violations;

"v. the likelihood of probationer's appearance at the final probation violation hearing if not held in custody; and

"vi. the likelihood of incarceration if a violation is found following the

release or detain the probationer upon a finding of probable cause. See *id*. If the judge decides to hold the probationer in custody, rule 8 (d) provides that "the *court shall not consider or impose* any terms of release such as *bail* . . . as an alternative to such custody" (emphasis added). Rule 8 (d).[4] Thus, at a preliminary probation revocation hearing when a judge determines probable cause exists and makes the decision to detain the probationer, the judge shall not consider bail or other terms of pretrial release as a substitute for custody. The judge may, however, consider bail and other issues relating to any newly alleged crime or the underlying crime for the probation violation. See Commentary to Rule 8 (d) of the District Court Rules for Probation Violation Proceedings at 604 (West 2000). The answer to question one is, "No."[5]

*Question two*. The second reported question asks whether a probationer who has been ordered detained by a District Court judge following a preliminary probation violation hearing as required by rule 8 and is awaiting the final hearing has a right to file a bail review petition in the Superior Court. See G. L. c. 276, § 58, third par.[6] We conclude there is no right to a bail review and answer the question, "No."

---

final probation violation hearing.

"If no probable cause is found, a probation violation hearing may be scheduled and the probationer thereupon served with notice thereof, but the probationer may not be held in custody pending said hearing based on the alleged probation violation."

[4]Rule 8 (d) provides: "Bail. Upon a finding of probable cause and an order of custody, the court shall not consider or impose any terms of release such as bail, personal recognizance or otherwise as an alternative to such custody. Notwithstanding such order of probation custody, the court shall proceed to determine the issues of bail and pretrial detention ('dangerousness') on any newly charged offense, as provided by law."

[5]The Uniform Magistrate Rules, however, authorize magistrates to consider terms of release such as bail when there is a finding of probable cause to believe that the probationer has violated the terms of probation. See Rule 6 (f) of the Uniform Magistrate Rules (2000). Specifically, rule 6 (f) provides that, if the magistrate finds probable cause at a preliminary hearing and the probationer is not being held on any other basis, the magistrate "may amend the terms of release . . . by the imposition of or increase in the amount of monetary *bail* and by commitment for failure to satisfy such bail requirements" (emphasis added). These rules only apply to magistrates, not judges. The magistrates and the District Court should make their rules consistent and submit those rules to our rules committee.

[6]General Laws c. 276, § 58, third par., in relevant part provides that, "[i]f a person is on release pending the adjudication of a prior charge, and the court

In *Delaney* v. *Commonwealth*, 415 Mass. 490, 495-496 (1993), we said "that § 58 gives defendants the right to a de novo review in the Superior Court of bail determinations made by a District Court judge pursuant to the first paragraph of the statute. [*Commesso* v. *Commonwealth*, 369 Mass. 368, 373 (1975)]. We also have held that defendants may obtain a de novo review of subsequent modifications, revisions, or revocations of such bail determinations made under the sixth paragraph of § 58. *Id.* at 374-375 . . . . While 'the standards set forth in the first paragraph' of § 58 govern such determinations, they do not bear on a bail revocation order of the type made in the present case." (Footnote omitted.)

We reasoned that review of a bail revocation order made under the third paragraph of § 58 is similar to an appeal rather than a de novo determination. See *id.* at 495-496. Therefore, we held that the Superior Court was without authority to review a bail revocation order made pursuant to the third paragraph of § 58. See *id.* at 496. Logically, there is no significant distinction between a bail revocation for commission of a new offense under paragraph three and a decision to hold a probationer in custody after a finding of probable cause of probation violation made by a District Court judge. Both are predicated on a probable cause determination that the defendant or probationer has violated one of the express conditions of his bail or probation. Review of a probable cause determination is in the nature of appellate review. If the Legislature intended the Superior Court to exercise such an appellate function, it would have said so explicitly. We conclude that a probationer may not seek a review of the custody order in the Superior Court after a preliminary probation violation hearing has established probable cause and the judge has decided to detain the probationer pending a final revocation hearing.

before which the person is charged . . . finds probable cause to believe that the person has committed a crime during said period of release, the court shall determine . . . whether the release of said person will seriously endanger any person or the community . . . . If the court determines that the release of said person will seriously endanger any person or the community and that the detention of the person is necessary . . . the court may revoke bail on the prior charge and may order said person held without bail pending the adjudication of said charge, for a period not to exceed sixty days." Section 58, third par., also provides that a "person aggrieved by the denial of a district court justice to admit him to bail on his personal recognizance without surety may petition the superior court for a review of the order."

Our answers to the reported questions are that a District Court judge may not admit a probationer to bail on the probation violation after there has been a finding of probable cause and that a probationer who has been ordered detained pending a final hearing does not have a right to file a bail review petition in the Superior Court.[7]

---

[7]The probationer also argues that the newly enacted rules do not adequately protect the liberty interests of probationers. This issue was not reported to us and is not properly before us. We comment briefly. Probationers need not be afforded the same procedural protections as an accused because their liberty is conditional on the observance of special restrictions. See *Commonwealth* v. *Olsen*, 405 Mass. 491, 493 (1989). In *Gagnon* v. *Scarpelli*, 411 U.S. 778 (1973), the United States Supreme Court extended the due process requirements of parole revocation hearings to probation revocation hearings. Those due process requirements include a preliminary and a final hearing with (a) written notice of the claimed violations; (b) disclosure of evidence against the probationer; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the fact finders as to the evidence relied on and reason for revoking probation. *Id.* at 786. See *Morrissey* v. *Brewer*, 408 U.S. 471, 489 (1972). See also *Commonwealth* v. *Harrison*, 429 Mass. 866, 867-868 (1999). The provisions of rule 8 on its face mandating judges not to consider bail after a finding of probable cause of probation violation do not interfere with any of these enumerated procedural requirements.