NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-441

COMMONWEALTH

vs.

JASON W. GENTRY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a Superior Court judge's order finding him in violation of probation and revoking probation. The defendant argues that (1) the judge erred in relying on unreliable hearsay and insufficient evidence and (2) his probation conditions were unconstitutionally vague. We affirm.

Background. The defendant pleaded guilty to eight[1] counts of cruelty to animals (G. L. c. 272, § 77) and one count of unlicensed operation of a kennel (G. L. c. 140, § 137A). On August 29, 2018, he was sentenced to two and one-half years in the house of correction, suspended for three years with probation. Among the conditions of his probation were that he

_____

[1] The defendant initially pleaded guilty to twelve counts of animal cruelty but later withdrew his guilty pleas as to four counts. The Commonwealth filed nolle prosequis as to those four counts.

was required to "notify the probation officer immediately of a change of residence or employment," and he could not "have possession, custody, control, own or reside with any animals" except for four dogs, each identified by breed, named "Sabooboo," "Roman," "Rex," and "Fade."

Based on the evidence presented at the final surrender hearing on October 15, 2021, the judge could have found as follows. The defendant notified probation that his primary residence was at an address in Swampscott and that he stayed "from time to time" at an address in Lynn. In June of 2021, his probation officer learned from police reports that the defendant often stayed at his girlfriend's home in Peabody. After reading these reports, the probation officer had concerns that the defendant was living at the Peabody address without having notified probation. That month, the probation officer visited the Peabody address "on four straight days at different times of the day." On each occasion, the defendant's car was there.

During an interview on June 30, 2021, the probation officer informed the defendant of the results of his investigation. The defendant then admitted that he was living at three addresses: the addresses in Swampscott and Lynn, as well as the address in Peabody of which he had not previously notified probation. The probation officer and the defendant went directly from the probation office to each of the three addresses.

2

At the Swampscott address, which the defendant had notified probation was his primary residence, the defendant brought the probation officer to what he said was his bedroom. There was very little clothing in the closet and no toiletries that would be present if someone were living there. There were no dogs at the Swampscott address.

At the Lynn address, there was a dog cage in the yard; in the kitchen was another dog cage, containing a dog that appeared to be one of the dogs with which the defendant's probation conditions permitted him to reside. As the defendant escorted the probation officer down a hallway, another resident opened a door and the probation officer saw inside that room a cage containing a "very unhappy, unpleasant pitbull" that was not one of the dogs with which the defendant was permitted to reside. The defendant's bedroom at that address contained an unmade bed and shoes, clothing, and toiletries, corroborating his statement that he stayed there.

At the Peabody address, on the back patio were two dogs that the defendant said belonged to his girlfriend. The defendant escorted the probation officer to a bedroom that the defendant said was his, in which there was a dog crate containing a dog that was "very aggressive and upset." The defendant referred to it as a "police dog"; it was not the same breed as any of the dogs with which the defendant's probation

3

conditions permitted him to reside.  In the bedroom were personal belongings including clothing and sneakers that corroborated the defendant's statement that he lived there.

The judge concluded that the Commonwealth had "satisfied its burden of proving more likely than not that there was both a violation of the general condition" that the defendant notify probation about changes in his residence and "of the special condition that he not reside with any animals" except the four specifically-permitted dogs.  She found the defendant in violation of the terms of his probation and revoked his probation, sentencing him to eighteen months in the house of correction on one count of animal cruelty.  On the other counts, she imposed a sentence, to run from and after the committed term, of two and one-half years in the house of correction, suspended for two years with two years of probation.

Discussion.  We review to determine whether the judge abused her discretion in finding, by a preponderance of the evidence, that the defendant violated his probation conditions and in revoking his probation.  See Commonwealth v. Eldred, 480 Mass. 90, 101 (2018).  The question is "whether the record discloses sufficient reliable evidence to warrant the findings by the judge."  Commonwealth v. Jarrett, 491 Mass. 437, 440 (2023), quoting Commonwealth v. Morse, 50 Mass. App. Ct. 582, 594 (2000).

The defendant argues that the evidence was not sufficient to show that he violated the terms of his probation, and that the judge erred in relying on unreliable hearsay.  The judge heard uncontradicted testimony of the probation officer that, until the probation officer confronted the defendant with the results of the investigation, the defendant did not notify probation that he was living at the Peabody address, and that at both the Lynn and Peabody addresses the defendant was residing with dogs not permitted by his probation conditions.  That provided sufficient nonhearsay evidence on which the judge could base her finding that the defendant "more likely than not violated the conditions of his probation."  We defer to the judge's assessment of the credibility of the probation officer's testimony.  See Commonwealth v. Tate, 490 Mass. 501, 505 (2022).

The defendant also argues that the terms of his probation were unconstitutionally vague.  Those conditions included that he was required to notify probation of a change in his "residence" and prohibited him from "resid[ing] with any animals" other than the four dogs specified by name and breed.  Due process requires a probation condition to "provide 'reasonable guidance' as to the conduct prohibited so that people of 'common intelligence' will understand its meaning" (citation omitted).  Commonwealth v. Ruiz, 453 Mass. 474, 479 (2009).  The defendant's probation conditions did provide such

5

reasonable guidance, and he admitted to his probation officer that he had a bedroom at an address of which he had not notified probation.

Probation order dated October 15, 2021, affirmed.

By the Court (Henry, Grant & Brennan, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  October 11, 2023.

---

[2] The panelists are listed in order of seniority.