NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-591

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 525957

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his reclassification by the defendant Sex Offender Registry Board (SORB) as a level one sex offender.  Doe argues that SORB's decision was arbitrary and capricious and an abuse of discretion because the hearing examiner incorrectly interpreted regulatory factor 29 (offense-free time in the community) and the decision is unsupported by substantial evidence.  We affirm.

Background.  In 2007, Doe pleaded guilty in Connecticut Superior Court to risk of injury to a child by subjecting a child under sixteen to contact with intimate parts in violation of Conn. Gen. Stat. § 53-21(a)(2), which the hearing examiner

found was a like offense to G. L. c. 265, § 13B, indecent assault and battery on a child under fourteen. On at least a monthly basis over two years while he was babysitting a girl then aged nine to eleven, Doe subjected her to illegal sexual contact, including touching the victim's bare chest, thigh, and crotch; rubbing his penis against her vagina; and forcing her to masturbate him to ejaculation. Doe was sentenced to ten years in prison with two to serve and the rest suspended, followed by ten years' probation. On October 30, 2009, Doe was released from prison and began his probationary period, during which he was required to register as a sex offender in Connecticut and comply with registration conditions.

On February 4, 2014, Enfield, Connecticut police received information that Doe had been living in Massachusetts for four months, without having reported his change of address to the Connecticut Sex Offender Registry. On April 28, 2015, a Connecticut Superior Court judge revoked Doe's probation and sentenced him to serve eighteen months in prison, followed by two years' probation. After his release, Doe began his probation on August 30, 2016.[1] Doe's probation was transferred to Massachusetts, and he completed it in 2018.

---

[1] Both Connecticut probation records and an affidavit of Doe document that he was released from prison and began his probation on August 30, 2016. In contrast, the hearing examiner found that Doe was released from prison in August 2017, but that

2

After Doe moved to Massachusetts, SORB notified him that he was required to register as a level two sex offender, which Doe challenged. Following an evidentiary hearing, SORB issued a decision on October 31, 2018, classifying Doe as a level one sex offender pursuant to G. L. c. 6, § 178K (2) (a). Doe promptly submitted a motion requesting reclassification to a lower sex offender status and relief from registration pursuant to 803 Code Mass. Regs. § 1.31 (2016).

On February 9, 2022, SORB held another classification hearing at which the hearing examiner considered documentary evidence as well as the testimony of Doe's wife. On May 26, 2022, SORB again classified Doe as a level one sex offender. In her decision, the hearing examiner applied with increased weight high-risk factor 3 (adult offender with child victim) and applied risk-elevating factors 7 (relationship between offender and victim) and 13 (noncompliance with community supervision). The hearing examiner also applied risk-mitigating factors 30 (advanced age), 32 (sex offender treatment), 33 (home situation

seems to be a typographical error because the hearing examiner also found that as of his February 2022 reclassification hearing Doe had "accrued 5 years offense-free in the community." We need not resolve that discrepancy, because as the judge noted the hearing examiner applied mitigating weight based on the determination that Doe reached the five-year mark, which is the minimum length of time after which the risk of reoffense decreases according to 803 Code Mass. Regs. § 1.33(29)(a) (2016).

and support systems), 34 (stability in the community), and 37 (other useful information). As to risk-mitigating factor 29 (offense-free time in the community), the hearing examiner applied it with "minimal weight," based on her finding that Doe had accrued at least five years of offense-free time as of the hearing on February 9, 2022

On June 7, 2022, Doe appealed from SORB's reclassification by filing a complaint for judicial review pursuant to G. L. c. 30A, § 14. He moved for judgment on the pleadings six months later. A Superior Court judge denied Doe's motion and affirmed SORB's decision. Doe appealed from that judgment.

Discussion. "We review a judge's consideration of an agency decision de novo." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019) (Doe No. 523391).

> "A reviewing court will not disturb SORB's decision unless that decision was (a) in violation of constitutional provisions; (b) in excess of SORB's authority; (c) based upon an error of law; (d) made upon unlawful procedure; (e) unsupported by substantial evidence; (f) unwarranted by facts found by the court, where the court is constitutionally required to make independent findings of fact; or (g) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."

Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 108-109 (2014) (Doe No. 68549). See G. L. c. 30A, § 14 (7). Review is "confined to the administrative record" and we "give due weight to the

4

experience, technical competence, and specialized knowledge of [SORB], as well as to the discretionary authority conferred upon it."  Doe No. 523391, supra at 88, quoting Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76 (2015).

In classifying a person as a level one sex offender, SORB bears the burden of establishing, by clear and convincing evidence, that "the risk of reoffense is low and the degree of dangerousness posed to the public is not such that a public safety interest is served by public availability" of information.  G. L. c. 6, § 178K (2) (a).  Doe argues that he does not meet even the standard for a level one sex offender, and should be relieved from registering altogether.  Put differently, Doe argues that any risk of reoffense that he poses does not even amount to the "low" risk of a level one offender.

"[R]egistration can be required only based on an assessment 'of the person's current level of dangerousness and risk of reoffense'" (emphasis omitted).  Doe, Sex Offender Registry Bd. No. 24341 v. Sex Offender Registry Bd., 74 Mass. App. Ct. 383, 387 (2009) (Doe No. 24341), quoting Doe, Sex Offender Registry Bd. No. 8725 v. Sex Offender Registry Bd., 450 Mass. 780, 787 (2008).  See Doe, Sex Offender Registry Bd. No. 1211 v. Sex Offender Registry Bd., 447 Mass. 750, 755, 762 (2006) (Doe No. 1211) (upholding classification as level one sex offender

5

because "substantial evidence" supported determination that petitioner's overall risk of reoffense and degree of dangerousness was low but not "close to nil"). "SORB's burden is to show that Doe presents a 'cognizable risk of reoffense,' not merely a hypothetical or speculative potential risk." Doe No. 24341, supra at 388, quoting Doe No. 1211, supra at 762.

The hearing examiner was required to consider twelve statutory factors, see G. L. c. 6, § 178K (1) (a)-(l), as well as any other "information useful in assessing the risk of reoffense and the degree of dangerousness posed to the public by the sex offender." G. L. c. 6, § 178L (1). SORB has promulgated guidelines for applying the statutory factors, identifying thirty-eight relevant aggravating and mitigating considerations. See Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 134 (2019) (Doe No. 23656), citing 803 Code Mass. Regs. § 1.33 (2016). The hearing examiner's decision must be supported by "substantial evidence," which is "such evidence as a reasonable mind might accept as adequate to support a conclusion." G. L. c. 30A, § 1 (6). See Doe No. 68549, 470 Mass. at 109.

On appeal, Doe argues that the hearing examiner "erred in applying only minimal weight to factor 29," offense-free time in the community. This error, Doe contends, is "the result of an incorrect interpretation of the regulation," 803 Code Mass.

6

Regs. § 1.33(29).  Doe contends that his offense-free time in the community began when he was released from the initial committed portion of his sentence on October 30, 2009, rather than when he was released from the additional eighteen-month sentence he received as a result of his probation violation.  We are not persuaded.

The regulation defining factor 29 specifies that "the offense-free time begins on the date of an offender's most recent release from custody for a sex offense or non-sexual violent offense."  803 Code Mass. Regs. § 1.33(29)(a).  As the Superior Court judge noted, Doe's return to custody was "a disposition consistent with more than a technical violation of probation."  We agree that Doe's eighteen-month incarceration constituted "custody for a sex offense" within the meaning of 803 Code Mass. Regs. § 1.33(29)(a).  "A defendant who violates probation is not being punished for violating a condition of probation, but rather 'the defendant is essentially being sentenced anew on his [or her] underlying conviction.'"  Commonwealth v. Eldred, 480 Mass. 90, 97 (2018), quoting Commonwealth v. Goodwin, 458 Mass. 11, 17 (2010).  Doe's return to custody was further punishment for his underlying sex offense conviction.  See Eldred, supra.  Thus, the hearing examiner correctly interpreted and applied factor 29.

Doe also argues that the hearing examiner's analysis was "sparse" and her classification decision is unsupported by "substantial evidence" as required by G. L. c. 30A, § 14 (7) (e). The SORB hearing examiner had discretion in determining how much weight to ascribe to each factor under consideration. See Doe No. 23656, 483 Mass. at 139. Here, the hearing examiner properly applied and analyzed the regulatory factors. She considered Doe's underlying sex offense as well as his violation of probation. Even if an underlying offense occurred many years ago, a hearing examiner may consider the facts and circumstances of that crime. See Doe No. 68549, 470 Mass. at 109 (ruling that hearing examiner did not err by considering sex offenses that plaintiff committed "more than twenty years ago"). The hearing examiner also considered mitigating factors, giving full weight to the "significant support system" of Doe's family and friends and his stable employment and lifestyle. The evidence here sufficiently supported a level one classification. See Doe No. 1211, 447

Mass. at 755, 762.  We affirm the Superior Court judgment upholding Doe's reclassification as a level one sex offender.

Judgment affirmed.

By the Court (Sacks,
  Englander & Grant, JJ.[2]),

Clerk

Entered:  December 11, 2024.

---

[2] The panelists are listed in order of seniority.